**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois corporation, individually and on behalf of a class, | ) | |
| Plaintiff, | ) | 13-cv-8377 |
| v. | ) | |
| BETTERDOCTOR, INC., a Delaware corporation, and DOES 1-3 | ) | |
| Defendant. | ) | |

## COMPLAINT-CLASS ACTION

## INTRODUCTION

1. Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, brings this action to secure monetary and injunctive redress for the illegal actions of Betterdoctor, Inc. ("Betterdoctor") and Does 1-3 (collectively "Defendants") in faxing an unsolicited advertisement in the form of Exhibit A in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law of conversion.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question) and 47 U.S.C. § 227 ("TCPA"). *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction in this District are proper because Defendants committed tortious acts in Illinois by the transmission of unlawful communications within the state, specifically targeting their advertising to Plaintiff.

## PARTIES

5. Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation with offices in the Chicago metropolitan area that at all times relevant to the Complaint maintained a telephone facsimile machine corresponding with the telephone number (773) 868-3700.

6. According to the California Secretary of State, Betterdoctor, Inc., is a Delaware corporation and its registered agent is Ari M. Tulla, 445 Francisco St 311, San Francisco, California 94133.

7. Defendants Does 1-3 are other natural or artificial persons that were involved in the sending of the form fax, Exhibit A, to Plaintiff and the putative class members. Plaintiff does not know who they are.

## FACTS

8. On October 1, 2013, Plaintiff received the fax advertisement, a copy of which is attached hereto as Exhibit A on its facsimile machine.

9. Defendants are responsible for causing to be sent and/or the sending of the fax a copy of which is attached hereto as Exhibit A.

10. The sender of the fax a copy of which is attached hereto as Exhibit A intended

the fax to be sent to a fax machine corresponding with the fax number (773) 868-3700.

11. Defendant Betterdoctor is the entity whose services were advertised in the copy attached hereto as Exhibit A.

12. The subject form fax, Exhibit A, is an advertisement for Betterdoctor's services, that it maintains a profile on Dr. Florence Mussat, MD, and that her BetterDoctor profile has been viewed by **118 patients looking for a new doctor** and requesting Plaintiff to contact Defendant related to Defendant's business through its website.

13. The profile noted in Exhibit A is a pretext, as after a recipient of the form fax, a copy of which is attached hereto as Exhibit A, responds to the fax, Betterdoctor will try to sell the person who responds a premium package at $49 per month which includes: Doctor Profile Setup; Premium Practice Setup; Pro Pho Shoot; Media Package; Custom URL; Link to Your Website; and Premium Support.

14. In a Fox News interview on or around November 2012, Betterdoctor's co-founder Ari Tulla was asked about Betterdoctor's business model to which he responded that while the service is free for consumers, the doctors will be paying for new patients walking into their practice. *Available at* http://www.youtube.com/watch?v=FncQ5bAMABk (last visited November 15, 2013).

15. On or around November 6, 2013, Betterdoctor's co-founder Ari Tulla was asked during an interview, in part, how was Betterdoctors going to make money and Mr. Tulla responded, in part, that the doctors can pay like as with Google for better placement, make a better profile of the doctor's practice. *available at* http://www.blogtalkradio.com/healthtechmedia/2013/11/06/ari-tulla-ceo-co-founder-betterdoctorcom-1 (last visited November 15, 2013).

16. Plaintiff does not believe that Plaintiff has had a prior relationship with Defendant and Plaintiff did not authorize the sending of the fax advertisement, Exhibit A.

17. On information and belief, one or more of the Defendants have transmitted by fax a fax in the form of the copy attached hereto as Exhibit A to at least 40 other persons.

18. There are no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners, especially those in he medical community to whom Defendant's solicitation is targeting.

19. Furthermore no "opt out notice" as required by the TCPA, even when faxes are sent with consent or pursuant to an established business relationship, was provided in the faxes the form of which is attached as Exhibit A.

**COUNT I – TCPA**

20. Plaintiff incorporates paragraphs 1-19 above.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ." 47 U.S.C. §227(b)(1)(C).

22. The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this

> subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

23. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, Plaintiff's and each class member's statutory right of privacy was invaded.

24. Plaintiff and each class member are entitled to statutory damages.

25. Defendants violated the TCPA even if their actions were only negligent.

26. Defendants should be enjoined from sending unsolicited faxes in the future.

**TCPA - CLASS ALLEGATIONS**

27. Plaintiff brings this claim on behalf of a class and subclass under the Rule 23(b)(3) consisting of:

(TCPA CLASS) All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A that did not contain an opt-out notice that complied with federal law.

(TCPA SUBCLASS) All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

28. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the classes

above.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendant engaged in a pattern of sending unsolicited faxes;

b. The manner in which Defendant compiled or obtained its list of recipients; and

c. Whether Defendant thereby violated the TCPA.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

31. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendant are small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

a. Statutory damages under the TCPA;

b. An injunction against the further transmission of unsolicited faxes;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

**COUNT II – ILLINOIS CONSUMER FRAUD ACT**

32. Plaintiff incorporates paragraphs 1-19 above.

33. Defendant engaged in unfair acts and practices, in violation of ICFA § 2/815 ILCS 505/2, by sending unsolicited fax advertising to Plaintiff and others.

34. Unsolicited fax advertising is contrary to Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35. Defendant engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of its advertising.

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner that was required to print the fax in the form of Exhibit A.

37. Plaintiff and the class members are left with a lack of meaningful choice because there was no remedy from the harm experienced from the receipt of the fax in form of Exhibit A as Plaintiff, and presumably other doctors, need to keep their fax machines on for business purposes.

38. While the loss may be small to Plaintiff, in the aggregate to the class, the harm caused by Defendant is more than *de minimus*.

39. Defendant engaged in such conduct in the course of trade and commerce.

40. Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave Defendant an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost approximately $500,000 if sent by U.S. mail but only approximately $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the

recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

**ILLINOIS CONSUMER FRAUD ACT – CLASS ALLEGATIONS**

41. Plaintiff brings this claim on behalf of a class and subclass under the Rule 23(b)(3) consisting of: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which faxes were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendant engaged in a pattern of sending unsolicited faxes;

b. Defendant engaged in unfair acts; and

c. Whether Defendant violated the ICFA.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against Defendant is small because it is not economically feasible to bring individual actions.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

a. Actual damages;

b. Attorney's fess and costs of suit; and

c. Such other or further relief as the Court deems just and proper.

**COUNT III – CONVERSION**

46. Plaintiff incorporates paragraphs 1-19 above.

47. By sending Plaintiff and the class members unsolicited faxes, Defendant converted to its own use ink or toner and paper belonging to Plaintiff and the class members.

48. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49. By sending the unsolicited faxes, Defendant appropriated to its own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.

52. Plaintiff and each class member thereby suffered damages as a result of

receipt of the unsolicited faxes.

**CONVERSION - CLASS ALLEGATIONS**

53. Plaintiff brings this claim on behalf of a class and subclass under Rule 23(b) consisting of: All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which faxes were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

54. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

55. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether Defendant engaged in a pattern of sending unsolicited faxes; and

b. Whether Defendant engaged in the conversion of ink, toner & paper.

56. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.

57. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against Defendants are small because it is not economically feasible to bring individual actions.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of Plaintiff

and the class and against Defendant for:

a. Actual damages;

b. Costs of suit; and

c. Such other or further relief as the Court deems just and proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

**DOCUMENT PRESERVATION REQUESTS**

PLEASE TAKE NOTICE that Defendants are requested to preserve all documents that relate to the identity of the putative class members defined in the Complaint, including all fax logs, their fax numbers, address and names. Defendant is requested to preserve any and all documents which show any expressed prior consent to receive faxes in the form of Exhibit A. Defendants are requested to preserve any and all documents which show any established business relationship with the putative class members.

**NOTICE OF LIEN AND ASSIGNMENT OF ATTORNEY'S FEES**

PLEASE TAKE NOTICE Plaintiff has irrevocably assigned its rights to attorney's fees to Plaintiff's undersigned counsel who has taken a lien on such fees.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

# EXHIBIT A





BetterDoctor Inc
165 Jessie St, 2nd floor
San Francisco, CA 94105
1-866-9712358
support@betterdoctor.com

**TO: Dr. Florence Mussat** **FAX: 773-868-3700**

Your BetterDoctor profile has been viewed by
**118 patients looking for a new doctor.**

**Please confirm this information is correct.**

# Dr. Florence Mussat, MD

**Florence Mussat, MD**
**680 N Lake Shore Dr Ste 1030**
**Chicago, IL 60611**
**tel: 312-751-0009**
**fax: 773-868-3700**

**Update your profile at**
**https://doctor.betterdoctor.com**