IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois corporation, individually and on behalf of a class, | ) ) ) ) | 13-cv-8377 |
| | ) | Hon. Andrea R. Wood |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BETTERDOCTOR, INC., a Delaware corporation, and DOES 1-3 | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

NOW COMES Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation, ("Plaintiff" or "Class Representative"), on behalf of herself and each of the Class Members as defined herein by and through their counsel and motions this Honorable Court to preliminarily approve Plaintiff and BetterDoctor, Inc.'s ("Defendant", and collectively with Plaintiff, the "Parties") settlement on a class action basis.

In support of this motion, Plaintiff states:

1.  Plaintiff filed the above Lawsuit, as amended, on behalf of herself and a Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging, in pertinent part as to this Agreement, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), Illinois Consumer Fraud Act ("ICFA") and committed common law conversion (the "common law") of toner, ink and paper in sending a form unsolicited facsimile advertisement. Plaintiff has sought statutory damages only under the TCPA in

the amount of $500 for each violation and $1,500 if it is determined that the Defendants willfully violated the TCPA. Specifically, Plaintiff claims that Defendant's form fax, Exhibit A to Plaintiff's operative Complaint, violated federal and state laws.

2. For the purposes of settlement the Parties request this Court to conditionally certify the following:

> TELEPHONE CONSUMER PROTECTION ACT
> CLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A that did not contain an opt-out notice that complied with federal law.
>
> SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.
>
> ILLINOIS CONSUMER FRAUD ACT
> All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during faxes which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.
>
> CONVERSION
> All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which faxes were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

3. According to Defendant's records there are 68 persons that meet the settlement class definitions.

4. Defendant denies liability to Plaintiff's claims alleged but considers it desirable that the action and the claims alleged therein be settled.

5. The Parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the Parties, attached hereto as Appendix 1.

6. The Parties have agreed to the membership of the class.

7. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiffs and Defendant entered into the Class Settlement Agreement.

8. Pursuant to the Class Settlement Agreement, Defendant has agreed to the settlement of this action on the material terms as follows:

**(a).** Defendant shall establish and pay a common settlement fund of thirty-seven thousand and five hundred dollars ($37,500), (the "common fund"), to resolve all claims by class members, and any Plaintiff's award and Plaintiff's attorney's fees and costs awarded by the Court in this Lawsuit;

(**b.**) Defendant shall deposit within fourteen days (14) days of the Court's Preliminary Approval of this Agreement the common fund, totaling $37,500, with the claims administrator, First Class, Inc., 5410 W. Roosevelt Rd., Ste. 222, Chicago, IL 60644 (the "claims administrator");

(**c.**) Costs for the claims administrator's administration of the claims including the costs of sending notice to the class will be paid from the common

fund;

**(d.)** Each class member who submits a complete and timely Claim form shall receive $500 from the common fund, the ("Settlement Checks"). In the event claims exceed the available funds, distributions to class members will be made on a *pro rata* basis. Settlement Checks shall expire and be void if not cashed, or if they are undeliverable, within forty-five (45) days of the date of issue (the "Void Date");

**(e.)** Plaintiff shall petition the Court for an award of no greater than ten thousand dollars ($10,000) as its damages and for an incentive award for its participation in this lawsuit and rejecting an individual settlement. Any amount awarded shall be from the common fund and the amount is subject to the Court's approval. Defendant agrees not to oppose Plaintiff's request for an award;

**(f.)** Plaintiff's counsel shall petition the Court for attorney's fees and costs of Plaintiff shall petition the Court for an award of no greater than ten thousand dollars ($10,000) which is 26.67 % (twenty six and sixty-sevenths percent) of the common fund. Any amount awarded shall be from the common fund and the amount is subject to the Court's approval. Defendant agrees not to oppose Plaintiff's counsel's petition for attorney's fees and costs; and

**(g.)** Any monies that remain of the common fund after the Void Date, shall be returned to the Defendant by the claims administrator no later than 14 days after the Void Date. Plaintiff agrees not to oppose any reversion to Defendant;

(h). Upon entry of a final order approving this settlement, Plaintiff and

the Class Members shall be deemed to have fully, finally and forever released, relinquished and discharged any and all claims under the TCPA, ICFA and conversion alleged in the Complaint ("Released Claims") and released Defendant and its associated businesses, including Does 1-3, insureds, agents, principals, partners, joint ventures, employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, collectively ("Released Parties"). Upon the Effective Date, Plaintiff and the Class Members also shall be deemed to have, and shall have, waived as to the Released Parties any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to the TCPA or ICFA arising from the facts alleged in the Complaint.

9. Within twenty-eight (28) days from the entry of a Preliminary Approval Order, notice substantially in the form of <u>Exhibit A</u> attached to the Parties' Agreement Defendant will cause the Claims Administrator to cause notice by fax to the class member's fax number as contained in Defendant's records.

10. Plaintiff and counsel for Plaintiff and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Preliminarily Approving the Class Action Settlement which:

5

(i) Grants preliminary approval of the purposed settlement;

(ii) Directs the sending by fax of the agreed upon notice, subject to any modification deemed necessary by the Court;

(iii) Sets dates for opt outs and objections;

(iv) Schedules a hearing for final approval of the class settlement; and

(v) Orders that BetterDoctor is not obligated to respond to the Complaint in this Action and, in the event there is a termination of the Settlement, orders that the Parties shall stipulate and present to the Court an appropriate schedule by which BetterDoctor will respond to the Complaint.

Respectfully submitted,

/s/ Curtis C. Warner
Curtis C. Warner
WARNER LAW FIRM, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
cwarner@warnerlawllc.com
*Counsel for Plaintiff*

6