**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois corporation, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 13-cv-08377 |
| v. | ) ) | Judge Andrea R. Wood |
| BETTERDOCTOR, INC., a Delaware corporation, and DOES 1-3, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND
SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on the Plaintiff's Motion for Preliminary Approval of Class Settlement Agreement ("Agreement") and Notice to the Class.

**The Court finds as follows:**

I.     That this settlement was reached by Plaintiff Florence Mussat, M.D., S.C., an Illinois Corporation ("Plaintiff" or "Class Representative"), on behalf of itself and each of the Class Members as defined herein and BetterDoctor, Inc., ("Defendant") collectively with Plaintiff (the "Parties"), through arm's length negotiations. The Court finds that the class common settlement fund established by this settlement agreement of $37,500, the manner and amount of the distribution of that class settlement fund to the class members, Plaintiff's award sought, and the amount of attorney's fees and costs are reasonable.

II.     That the Parties have presented this Court a plan to provide notice to the Class Members of the terms of the Settlement and the various options those Class

Members have, including the right for the Class Members to exclude themselves by opting out, filing an objection, or submitting a valid claim forms. The proposed publication by fax to those class members last known fax number in Defendant's records and is the best practicable notice under the circumstances. The Court finds that the notice plan above is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Classes, for settlement purposes only, defined as:

TELEPHONE CONSUMER PROTECTION ACT
CLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A that did not contain an opt-out notice that complied with federal law. SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

ILLINOIS CONSUMER FRAUD ACT
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which faxes were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

CONVERSION
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which faxes were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of Exhibit A with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

2. The Court appoints Curtis C. Warner of Warner Law Firm, LLC, as class counsel ("Class Counsel").

3. The Court appoints Florence Mussat M.D., S.C. as the Class Representative.

4. The Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the Action, including all Class Members.

5. Within fourteen (14) days from the entry of this Order, Defendant shall, pursuant to the terms of the Settlement Agreement, deposit the settlement fund with the administrator.

6. Within ten (10) days of the entry of this Order, Defendant shall file with the Court proof of compliance with the notice requirements, of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

7. The Court approves the notices and within twenty-eight (28) days from the entry of a Preliminary Approval Order, notice substantially in the form of Exhibit A shall be faxed to those class members who appear in Defendant's records.

8. The Court approves that Plaintiff may petition the Court for an award up to $10,000 to be determined at the Final Approval Hearing.

9. The Court approves that Plaintiff may petition for an award of attorney's fees and costs in an amount no greater than ten thousand dollars ($10,000) which is 26.67% (twenty six and sixty-sevenths percent) of the common fund established.

10. On or before **June 16, 2014**, class members must submit a claim form to the class administrator, or counsel for the Parties, who shall forward a copy to the other, via U.S. Mail.

11. On or before **June 16, 2014,** any Class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the or on counsel for the Parties.

12. On or before **June 16, 2014,** any Class members who wish to object to the settlement must submit the objection to the Clerk of the Court. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class and include any documentation that supports their objections. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

13. Plaintiff, Defendant, or the parties jointly may file a memoranda in support of the Agreement prior to the fairness hearing. Any submission must be filed no later than 7 (seven) days prior to the final approval hearing.

14. On **July 10**, **2014,** at **10:00 a.m.** the Court shall conduct a hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it. The Court will also address the requests for Plaintiff's Award and Plaintiff's attorney's fees and expenses.

15. BetterDoctor is not required to respond to the Complaint in this action. In the event there is a termination of the Settlement, the Parties shall stipulate and present to the Court an appropriate schedule by which BetterDoctor will respond to the Complaint.

DATE: April 8, 2014          ENTERED: _____

                                                      Andrea R. Wood
                                                       United States District Court Judge