IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLORENCE MUSSAT, M.D., S.C., an Illinois )<br>corporation, individually and on behalf )<br>of a class, )<br>                                   )<br>        Plaintiff, )<br>                                   )<br>     v. )<br>                                   )<br>BETTERDOCTOR, INC., a Delaware )<br>corporation, and DOES 1-3, )<br>                                   )<br>       Defendants. ) | No. 13-cv-08377<br><br>Judge Andrea R. Wood |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER coming before the Court on the issue of whether the Class Settlement Agreement ("Agreement") between Plaintiff Florence Mussat, M.D., S.C. ("Plaintiff" or "Class Representative"), an Illinois Corporation, on behalf of itself and each of the Class Members as defined herein, and BetterDoctor, Inc. ("Defendant") (collectively with Plaintiff, "the Parties") should be finally approved. The Court has carefully reviewed the Motion for Final Approval of Class Action Settlement, Docket No. 27, and the entire court file and is otherwise fully advised in the premises. Final approval of the Class Action Settlement is unopposed by Defendant.

By an Order of Preliminary Approval, Docket No. 25, entered April 8, 2014, the Court preliminarily approved the proposed Settlement Agreement by the Parties, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Order of Preliminary Approval, the Court approved the settlement classes as follows:

    TELEPHONE CONSUMER PROTECTION ACT
    CLASS: All persons with a fax machine corresponding to an Illinois area code
    who on or after four (4) years prior to the filing of this Complaint, or such a

shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> that did not contain an opt-out notice that complied with federal law.

SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

ILLINOIS CONSUMER FRAUD ACT
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

<u>CONVERSION</u>
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

The Court also ordered that, within twenty-eight (28) days after the date on which the Preliminary Approval Order was entered by the Court, the Notice of Proposed Settlement and the right to opt out or object was to be faxed to each class member that the parties have agreed is a member of the certified class.

The Court having held a hearing on the fairness of the Settlement Agreement after due notice and the opportunity for any objections to the Settlement Agreement to be heard and the Court fully advised in the premises, the Court finds as follows:

This Court has preliminarily approved a class and affirms the classes are defined as:

TELEPHONE CONSUMER PROTECTION ACT
CLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> that did not contain an opt-

out notice that complied with federal law.

SUBCLASS: All persons with a fax machine corresponding to an Illinois area code who on or after four (4) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

ILLINOIS CONSUMER FRAUD ACT
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

CONVERSION
All persons with a fax machine corresponding to an Illinois area code who on or after three (3) years prior to the filing of this Complaint, or such a shorter time period during which were sent by or on behalf of Defendant Betterdoctors, were sent a fax in the form of <u>Exhibit A</u> with respect to whom Defendant cannot provide evidence or express consent or an established business relationship.

II.    In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members by sending a fax to the fax number of the class member as in Defendant's records. The Court finds that Notice of the Settlement was timely sent in accordance with the terms of the Court's Preliminary Approval Order. The Court also finds that CAFA notice was timely and properly issued.

III.    0 (Zero) Class Members have submitted a notice of opting-out.

IV.    0 (Zero) Class Members have filed objections to the Settlement Agreement.

V.    The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

3

**IT IS HEREBY ORDERED:**

1. The Settlement Agreement between the Defendant and Plaintiffs, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable, and adequate.

2. On the "Effective Date," the releases contained in the Agreement shall take effect. The releases agreed by the parties are as follows:

> Plaintiff and the Class Members shall be deemed to have, and by operation of the Final Approval Order defined below shall have, fully, finally and forever released, relinquished and discharged any and all claims under the TCPA, ICFA and conversion alleged in the Complaint as Amended ("Released Claims") and releases Defendant and its associated businesses, including Does 1-3, insureds, agents, principals, partners, joint ventures, employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest and Does 1-3, collectively ("Released Parties").

3. The Defendant shall cause the Settlement Checks to be issued to each Participating Class Member with 14 days of the "Effective Date" set forth in the Settlement Agreement.

4. In preliminarily approving the parties' Agreement, this Court preliminarily approved an award of up to $10,000 to Plaintiff for its damages and as an incentive award to be paid out of the settlement fund. Notice of the potential award was disclosed in the Notice to the Class. Zero (0) objections to awarding the Plaintiff up to $10,000 has been received. The Court hereby awards Plaintiff $10,000 (ten thousand) for its damages arising and as an incentive award for serving as the class representative. The Defendant shall cause the above payment to be issued to Plaintiff within 14 days of the "Effective Date" set forth in the Settlement Agreement.

5. In preliminarily approving the parties' Agreement, this Court preliminarily approved an award of attorney's fees and costs for an award of no greater than ten thousand

dollars ($10,000) which is 26.67 % (twenty six and sixty-sevenths percent) of the common fund. Zero (0) objections to Plaintiff's request for the Court to award attorney's fees and costs for an award of no greater than ten thousand dollars ($10,000) which is 26.67 % (twenty six and sixty-sevenths percent) of the common fund. The Court hereby awards Class Counsel ten thousand ($10,000) in total as reasonable attorney's fees and costs. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

6. All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

7. Within 14 (fourteen) days from the Void Date of the Settlement Checks, Defendant may cause any amounts not claimed from the common fund as a reversion.

8. This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the Settlement Agreement, the terms of the Agreement, and this Order, for a period of seventy-five (75) days after the "Effective Date." This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement.

10. This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

11. This Lawsuit is hereby dismissed without prejudice and without costs or attorney's fees (except as otherwise provided herein) and that on a date that is seventy-five (75)

5

days after the "Effective Date" this dismissal shall become a dismissal with prejudice and without costs or attorney's fees (except as otherwise provided herein).

ENTERED:

DATE: July 10, 2014

Andrea R. Wood
United States District Court Judge

6